FILED
RICHARD W. NAGEL
CLERK OF COURT

2022 JUL 27 PM 3:40

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LASHAWNDA ALEXANDER,<br><br>Defendant. | CASE NO. **1:22CR 064**<br><br>JUDGE **J. McFARLAND**<br><br>INDICTMENT<br><br>18 U. S. C. § 1343<br><br>FORFEITURE ALLEGATION |

**THE GRAND JURY CHARGES:**

At all times relevant to this Indictment:

**INTRODUCTION**

1. The defendant, **LASHAWNDA ALEXANDER**, was a Southern District of Ohio resident who performed hair/beauty and other professional services under the business names of "Lashawnda Alexander" and "TressD LLC."

2. The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters, including through facilitating loans to small businesses directly or through participating lenders.

3. In or around March 2020, in response to the economic crisis caused by the coronavirus pandemic, the United States Congress passed the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (2020) ("CARES Act"). Among other

things, the CARES Act expanded the Economic Injury Disaster Loan ("EIDL") program administered by the SBA to provide economic relief to businesses that were experiencing a temporary loss of revenue due to the coronavirus pandemic. The EIDL program provided loan assistance, including advances up to $10,000, for eligible entities. EIDL proceeds could be used to pay fixed debts, payroll, accounts payable and other bills that could have been paid had the disaster not occurred; however, such proceeds were not intended to replace lost sales or profits or to be used for expansion of a business or the purchase of fixed assets. Unlike certain other types of SBA-guaranteed loans, EIDL proceeds were issued directly from the United States Treasury and applicants applied through the SBA via an online portal and application.

4. The EIDL application process, which also used certain outside contractors for system support, collected information concerning the business and the business owner, which were used to determine loan eligibility and amounts, including information as to the gross revenues for the business prior to January 31, 2020; the cost of goods sold; and the number of employees. Applicants would electronically certify that the information provided was accurate and were warned that any false statement or misrepresentation to the SBA or any misapplication of loan proceeds could result in sanctions, including criminal penalties.

## COUNTS ONE TO THREE
(Wire Fraud)

5. From at least June 2020 and continuing through at least August 2020, in the Southern District of Ohio and elsewhere, the defendant, **LASHAWNDA ALEXANDER**, did knowingly and willfully devise and intend to devise a scheme and artifice to defraud the SBA and to obtain money and property by means of materially false and fraudulent pretenses and representations, as set forth below.

2

### The Purpose of the Scheme to Defraud

6. The purpose of the scheme and artifice to defraud was for the defendant, **LASHAWNDA ALEXANDER**, to obtain money and property from the SBA, namely EIDL proceeds, by means of materially false and fraudulent statements and representations.

### Manner and Means of the Scheme to Defraud

7. It was part of the scheme and artifice to defraud that the defendant, **LASHAWNDA ALEXANDER**, submitted and caused to be submitted, by interstate wire transmission, false and fraudulent applications for EIDLs made available through the SBA to provide relief for the economic effects caused by the coronavirus pandemic.

8. On or about June 23, 2020, the defendant, **LASHAWNDA ALEXANDER**, submitted and caused to be submitted, an EIDL application in the name of business "Lawshawnda Alexander." In the application, the defendant, **LASHAWNDA ALEXANDER**, falsely represented, among other things, that she had 10 employees and that her gross revenues for the 12 months prior to the disaster for the business were $125,000.00. As part of the application, **ALEXANDER** requested an EIDL advance.

9. That same day, based on her false representations in the EIDL application, the SBA deposited $10,000 in the form of an EIDL advance into **ALEXANDER**'s personal bank account. The SBA later determined that the business "Lashawnda Alexander" did not meet eligibility requirements and declined to further fund the requested loan.

10. On or about June 24, 2020, the defendant, **LASHAWNDA ALEXANDER**, submitted and caused to be submitted, a separate application for an EIDL and advance for the business "TressD LLC." In this application, the defendant, **LASHAWNDA ALEXANDER**, falsely represented, among other things, that she had 15 employees and that her gross revenues for

3

the 12 months prior to the disaster for the business were $175,000.00. Based on her false representations, the SBA deposited $10,000 in the form of an EIDL advance into a business bank account held by **ALEXANDER**. Based on her false representations, the SBA additionally approved the issuance of an EIDL for TressD LLC and transmitted loan documentation to the email address **ALEXANDER** listed on the EIDL application.

11. On or about June 25, 2020, the defendant, **LASHAWNDA ALEXANDER**, submitted and caused the submission of an EIDL loan authorization and agreement in the approximate amount of $71,000 for TressD. In the EIDL loan agreement, **ALEXANDER** falsely certified that "[a]ll representations in the Borrower's Loan application (including all supplementary submissions) are true, correct and complete and are offered to induce SBA to make this Loan." Based on her false and fraudulent representations, the SBA deposited approximately $71,000 into the business bank account held by **ALEXANDER**.

12. As part of the scheme and artifice to defraud, the defendant, **LASHAWNDA ALEXANDER**, attempted to obtain at least $137,500 in EIDL program funds and ultimately received approximately $91,000 in EIDL program funds consisting of one $71,000 EIDL and two $10,000 advances. **ALEXANDER** spent the EIDL proceeds for her personal benefit and on payments and purchases not permissible under the EIDL, including the purchase of a Mercedes Benz Model GLE 350, flights, hotel rooms, restaurants, home furnishing and department stores.

### Use of Interstate Wires

13. On or about the dates set forth below, in the Southern District of Ohio and elsewhere, the defendant, **LASHAWNDA ALEXANDER**, for the purpose of executing and attempting to execute the scheme to defraud, knowingly transmitted and caused to be

4

transmitted in interstate commerce by means of wire communications, certain signals, signs, and sounds, namely:

| Count | Date of Wire Transmission | Description of Wire Transmission |
|---|---|---|
| 1 | 6/23/2020 | Transmission of the EIDL application for business "Lashawnda Alexander" from **ALEXANDER** to the SBA through servers outside of the Southern District of Ohio. |
| 2 | 6/24/2020 | Transmission of the EIDL application for business "TressD LLC" from **ALEXANDER** to the SBA through servers outside of the Southern District of Ohio. |
| 3 | 6/25/2020 | Transmission of the EIDL loan agreement for business "TressD LLC" from **ALEXANDER** to the SBA through servers outside of the Southern District of Ohio. |

All in violation of 18 U.S.C. §§ 1343 and 2.

## FORFEITURE ALLEGATION

Upon conviction of any of the offenses set forth in Counts One through Three of this Indictment, the defendant, **LASHAWNDA ALEXANDER**, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation, including but not limited to a money judgment equal to at least $91,000.00, which represents the amount of proceeds the defendant obtained as a result of the offense(s).

## SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the defendant:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant, up to the value of the property described above.

**A TRUE BILL.**

/s/
_____
**FOREPERSON**

**KENNETH L. PARKER**
**UNITED STATES ATTORNEY**


*[signature]*
_____
**EBUNOLUWA A. TAIWO**
**ASSISTANT UNITED STATES ATTORNEY**

EG