IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:22-cr-64 |
| Plaintiff, | Judge Matthew W. McFarland |
| v. | |
| LASHAWNDA ALEXANDER, | |
| Defendant. | |

## ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTION IN LIMINE (Doc. 56)

This matter is before the Court on the Government's Motion in Limine (Doc. 56). Defendant has not filed a timely response, so this matter is ripe for the Court's review. For the reasons below, the Government's Motion in Limine (Doc. 56) is **GRANTED IN PART AND DENIED IN PART**.

### LAW

Courts have the discretion to determine motions in limine pursuant to their "inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). The purpose of motions in limine is "to avoid delay and ensure an evenhanded and expedient trial by ruling on certain evidentiary issues in advance of trial." *Enoch v. Hamilton Cnty. Sheriff*, 588 F. Supp. 3d 806, 811 (S.D. Ohio 2022) (quotation omitted). "When a court is unable to determine whether or not certain evidence is clearly inadmissible, evidentiary rulings should be deferred until trial so that questions of

foundation, relevancy and potential prejudice can be resolved in the proper context." *United States v. Kistler*, No. 2:22-CR-067, 2023 WL 1099726, at *2 (S.D. Ohio Jan. 30, 2023) (quotation omitted). Following this principle, courts often defer ruling on broad categories of evidence in limine. *See id.*

A ruling on a motion in limine is a preliminary ruling that the Court may change at trial "for whatever reason it deems appropriate." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). The Court will hear objections to such evidence if and when they arise at trial. *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010).

## ANALYSIS

The Government moves to admit as evidence "other statements the Defendant has made concerning her business, income, assets, and resources," as well as evidence of a prior Economic Injury Disaster Loan ("EIDL") application. (Motion, Doc. 56, Pg. ID 203.) These requests implicate *res gestae* and Rule 404(b) evidence.

Federal Rule of Evidence 404(b)(1) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." That said, such evidence may be admissible for a non-propensity purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

To determine the admissibility of evidence under Rule 404(b), the Court uses a three-step analysis. *United States v. Lattner*, 385 F.3d 947, 955 (6th Cir. 2004). First, the Court must make a "preliminary determination regarding whether there is sufficient

evidence that the 'other acts' took place." *Id.* Second, the Court must determine whether the "other acts" evidence is admissible for a proper purpose under Rule 404(b). *Id.* Finally, the Court must weigh the probative value of the "other acts" evidence in relation to potential unfair prejudice. *Id.*

*Res gestae* evidence is also an exception to Rule 404(b). *United States v. Clay*, 667 F.3d 689, 697 (6th Cir. 2012). The Sixth Circuit has recognized "the admissibility of *res gestae*, or background evidence, in limited circumstances when the evidence includes conduct that is 'inextricably intertwined' with the charged offense." *United States v. Churn*, 800 F.3d 768, 779 (6th Cir. 2015) (quotation omitted). "Proper background evidence has a causal, temporal or spatial connection with the charged offense." *Id.* (quotation omitted). This "may include evidence that is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of the witness's testimony, or completes the story of the charged offense." *Id.* (quotation omitted).

Similarly, "Rule 404(b) does not apply when the prior bad act forms the basis of the charges for which a defendant is being tried." *United States v. Sadler*, 24 F.4th 515, 554 (6th Cir. 2022). Such intrinsic evidence "tends to logically prove an element of the crime charged." *United States v. Peete*, 781 F. App'x 427, 434 (6th Cir. 2019) (quotation omitted). For instance, "uncharged financial misconduct that is 'inextricably intertwined with the charged conduct may be admitted as 'evidence of a single criminal episode.'" *United States v. Lang*, 717 F. App'x 523, 531 (6th Cir. 2017) (citing *United States v. Aldridge*, 455 Fed. App'x 589, 594 (6th 2012)); *Churn*, 800 F.3d at 779 (explaining that "even unindicted

3

activity can be 'inextricably intertwined' with the actual charges"). With these rules in mind, the Court turns to the substance of the Government's motion.

### I. Prior EIDL Application

First, the Court considers the Government's request to admit evidence of a prior EIDL application as *res gestae* evidence. (Motion, Doc. 56, Pg. ID 203-04.) This prior EIDL application was allegedly submitted on June 23, 2020, in the name of Defendant's child. (*Id.*) It was allegedly submitted "within hours" of the EIDL application referenced in Count 1 of the Indictment, using the same device as those submitted in Defendant's name. (*Id.*) The other counts of wire fraud against Defendant involve EIDL applications she allegedly submitted on June 24 and June 25, 2020. (Indictment, Doc. 24, Pg. ID 93.)

The Court agrees that evidence related to this prior EIDL application is admissible as *res gestae* evidence. The prior EIDL application serves as a prelude to the charged offenses, shares a close temporal relationship with the charged offenses, and is expected to form an integral part of agent testimony. (*See* Motion, Doc. 56, Pg. ID 204.) Defendant is alleged to have devised a scheme "to obtain money and property from the [Small Business Association], namely EIDL proceeds" from June 2020 to August 2020. (Indictment, Doc. 24, Pg. ID 90-91.) So, the prior EIDL application is inherently connected with the charged conduct. *See United States v. Luna*, 94 F.3d 1156, 1162 (8th Cir. 1996) (explaining that courts should admit evidence "so blended or connected . . . [with the indicted charge] that proof of one incidentally involves the other [ ] or explains the circumstances or tends to logically prove an element of the crime charged"); *Churn*, 800 F.3d at 779. This evidence is therefore admissible as *res gestae* evidence, and Rule 404(b)

4

is not implicated. At this time, the Court also finds that the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice to Defendant. Thus, evidence related to this prior EIDL application shall be admitted.

## II.   Other Evidence

The Government also seeks to admit evidence as to "Defendant's income tax records, applications for various grants, application for pandemic unemployment assistance, application for a credit card, and other correspondence memorializing Defendants' statements concerning her business and income." (Motion, Doc. 56, Pg. ID 203.) The Government asserts that this evidence is admissible as opposing party statements and comports with Rule 404(b). (*Id.* at Pg. ID 204-05.)

The Government's request applies broadly to an array of documents. (*See* Motion, Doc. 56, Pg. ID 203.) Without more specific information, the Court is restricted in its ability to determine whether such evidence constitutes "other acts" and whether they actually took place. *Lattner*, 385 F.3d at 955. Additionally, without more, the "other purpose" that the Government intends to use these exhibits for is not yet clear to the Court. *See id.* While this evidence may be probative of the charged offenses, such determinations are better suited for a piece-by-piece analysis within the context of trial. *See Gresh*, 738 F. Supp. at 708. The potential prejudice to Defendant is similarly uncertain at this time. Thus, the Court reserves making an admissibility determination on these statements and documents for trial.

## CONCLUSION

Based on the foregoing reasons, the Government's Motion in Limine (Doc. 56) is **GRANTED IN PART AND DENIED IN PART**. Evidence related to the prior EIDL application shall be admitted. The Court defers ruling on the admissibility of "Defendant's income tax records, applications for various grants, application for pandemic unemployment assistance, application for a credit card, and other correspondence memorializing Defendants' statements concerning her business and income" for trial.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *Matthew W. McFarland*
JUDGE MATTHEW W. McFARLAND